UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HEATHER WORTHEM,

        Plaintiff,

  v.

THREE RIVERS MI OPCO LLC, d/b/a Edgewood Health and Rehabilitation, and ASCENT HEALTHCARE MANAGEMENT LLC,

        Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiff Heather Worthem alleges the following for her complaint against Defendants Three Rivers MI Opco LLC, d/b/a Edgewood Health and Rehabilitation, and Ascent Healthcare Management LLC.

## NATURE OF THE CASE

1. This is an employment case about an employer's mistreatment and firing of an employee diagnosed with cancer who also was pregnant.

2. Plaintiff Heather Worthem worked for Defendants where she informed Defendants of her breast cancer and her pregnancy.

3. Because of her cancer, Worthem needed to induce labor to deliver her baby earlier

- 2 -

than expected so that she could begin chemotherapy treatments as soon as possible.

4. Worthem asked Defendants if she could work remotely as a reasonable accommodation for her cancer and her pregnancy. Defendants refused.

5. Worthem then asked Defendants if she could take a leave of absence as a reasonable accommodation for her cancer and her pregnancy. Defendants once again refused.

6. Defendants then callously and cruelly fired Worthem and canceled her health insurance *two days* before she had been scheduled to induce labor.

7. Due to Defendants' unlawful discrimination, retaliation, and their refusal to accommodate her cancer and pregnancy, Worthem has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Heather Worthem is an individual person who resides in Kalamazoo County, Michigan.

9. Defendant Three Rivers MI Opco is a limited liability company organized under the laws of the State of Michigan. The company does business as Edgewood Health and Rehabilitation and operates a short-term rehabilitation and long-term skilled nursing care facility located in St. Joseph County, Michigan.

10. Defendant Ascent Healthcare Management is a limited liability company organized under the laws of the State of Michigan. The company operates a short-term rehabilitation and long-term skilled nursing care facility located in St. Joseph County, Michigan.

11. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Americans with Disabilities Act of 1990 and the Pregnant Workers Fairness

Act of 2023 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The ADA also independently provides for subject matter jurisdiction in the United States Courts. 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000gg-2

13. The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

14. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

**GENERAL ALLEGATIONS**

15. Defendants operate a short-term rehabilitation and long-term skilled nursing care facility located in Three Rivers, Michigan.

16. Worthem worked for Defendants as a resource nurse from April 2024 until February 14, 2025.

17. Worthem's job duties as a resource nurse involved primarily administrative tasks such as updating medical orders and assisting with treatments, discharges, and admissions, as well as updating quarterly assessments, and auditing patient weights.

18. Worthem suffers from a disability (breast cancer). Her condition causes her pain, fatigue, weakness, and significantly affects her normal cell growth and her ability to care for herself, perform manual tasks, sleep, learn, concentrate, think, communicate, and work, among other things.

19. In 2024, Worthem became pregnant.

20. Worthem's cancer created complications for her pregnancy. Among other things,

Worthem had to induce the delivery of her baby earlier than expected so that she could begin chemotherapy treatments as soon as possible.

21. Worthem's induction for her pregnancy had been scheduled for February 17, 2025.

22. Worthem informed Defendants about her cancer and pregnancy, and the complications that her cancer had created for her pregnancy, including the date of her induction (February 17).

23. In order to accommodate her cancer and her pregnancy, Worthem requested that Defendants allow her to perform some of her work remotely. Worthem could have performed the majority of her work remotely—and Worthem's supervisors and managers all agreed she could have performed her work remotely without any burden to Defendants—but Defendants still refused.

24. Worthem then also requested that Defendants allow her to take a leave of absence to accommodate her cancer and pregnancy. Worthem's coworkers told Defendants they were willing to donate their paid time off to Worthem while she took leave. Defendants again refused.

25. Defendants even refused to allow Worthem to perform work for them if she had any working restrictions or limitations because of her cancer or her pregnancy.

26. Defendants then terminated Worthem's employment on February 14, 2025 and canceled her medical insurance *two days* before her induction for the birth and delivery of her child.

27. Worthem filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Worthem repeats and incorporates all the previous allegations in her complaint.

29. Worthem has a disability within the meaning of the Americans with Disabilities Act. Defendants also regarded Worthem as having a disability and Worthem had a history of having a disability.

30. Worthem was a qualified individual able to perform the essential functions of the job she performed for Defendants.

31. Worthem requested reasonable accommodations for her disability.

32. Defendants discriminated against Worthem and treated her differently (much worse) than non-disabled employees because of Worthem's requests for a reasonable accommodation and because of her disability.

33. Defendants terminated Worthem's employment.

34. Defendants took these adverse employment actions against Worthem because of her disability, her history of a disability, and the fact that Defendants regarded her as disabled.

35. Worthem suffered damages because of Defendants' discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 2

### DISABILITY DISCRIMINATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

36. Worthem repeats and incorporates all the previous allegations in her complaint.

37. Worthem has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of her job with

Defendants. Defendants also regarded Worthem as having a disability and Worthem had a history of having a disability.

38. Worthem was a qualified individual able to perform the essential functions of the job she performed for Defendants.

39. Worthem requested reasonable accommodations for her disability.

40. Defendants discriminated against Worthem and treated her differently (much worse) than non-disabled employees because of Worthem's requests for a reasonable accommodation and because of her disability.

41. Worthem's disability, history of a disability, and the fact that Defendants regarded her as disabled was one of the motives or reasons which made a difference in Defendants' decision to take these adverse employment actions against Worthem.

42. Defendants terminated Worthem's employment.

43. Worthem suffered damages because of Defendants' discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

44. Worthem repeats and incorporates all the previous allegations in her complaint.

45. Worthem has a disability within the meaning of the Americans with Disabilities Act. Defendants also regarded Worthem as having a disability and Worthem had a history of having a disability.

46. Worthem was a qualified individual able to perform the essential functions of the job she performed for Defendants.

47.     Worthem requested that Defendants provide her with a reasonable accommodation for her disability by allowing her to perform work remotely, taking a leave of absence, or working with restrictions.

48.     Worthem could have performed the essential functions of the job if she had been granted one of the accommodations she requested.

49.     The accommodations Worthem requested were reasonable and would not have posed a hardship to Defendants in any way.

50.     Defendants refused to provide Worthem with one of the reasonable accommodations that she requested and did not provide her with any other alternative accommodations.

51.     Worthem suffered damages because of Defendants' failure to accommodate her disability that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4
### FAILURE TO ACCOMMODATE IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

52.     Worthem repeats and incorporates all the previous allegations in her complaint.

53.     Worthem has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of her job with Defendants. Defendants also regarded Worthem as having a disability and Worthem had a history of having a disability.

54.     Worthem requested that Defendants provide her with a reasonable accommodation for her disability by allowing her to perform work remotely, taking a leave of absence, or working with restrictions.

55.     Worthem could have performed the essential functions of the job if she had been

granted one of the accommodations she requested.

56. The accommodations Worthem requested were reasonable and would not have posed a hardship to Defendants in any way.

57. Defendants refused to provide Worthem with one of the reasonable accommodations that she requested and did not provide her with any other alternative accommodations.

58. Worthem suffered damages because of Defendants' failure to accommodate her disability that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 5
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

59. Worthem repeats and incorporates all the previous allegations in her complaint.

60. Worthem has a disability within the meaning of the Americans with Disabilities Act. Defendants also regarded Worthem as having a disability and Worthem had a history of having a disability.

61. Worthem requested reasonable accommodations for her disability.

62. Defendants terminated Worthem's employment.

63. Defendants terminated Worthem's employment because of her protected activity in requesting reasonable accommodations for her disability.

64. Defendants retaliated against Worthem because of her protected activities and there was a causal connection between Worthem's protected activities and the adverse employment actions Defendants took against her.

65. Worthem suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 6

### RETALIATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

66. Worthem repeats and incorporates all the previous allegations in her complaint.

67. Worthem has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of her job with Defendants. Defendants also regarded Worthem as having a disability and Worthem had a history of having a disability.

68. Worthem requested reasonable accommodations for her disability.

69. Defendants terminated Worthem's employment.

70. Defendants terminated Worthem's employment because of her protected activity in requesting reasonable accommodations for her disability.

71. Defendants retaliated against Worthem because of her protected activities and there was a causal connection between Worthem's protected activities and the adverse employment actions Defendants took against her.

72. Worthem suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 7

### DISCRIMINATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

73. Worthem repeats and incorporates all the previous allegations in her complaint.

74. Worthem was a qualified individual able to perform the essential functions of the job she performed for Defendants.

75. Worthem requested reasonable accommodations for her pregnancy.

76. Defendants discriminated against Worthem and treated her differently (much

- 9 -

worse) than non-pregnant employees because of Worthem's request for reasonable accommodations and because of her pregnancy.

77. Defendants terminated Worthem's employment.

78. Defendants took these adverse employment actions against Worthem because of her pregnancy. Worthem suffered damages because of Defendants' discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 8
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

79. Worthem repeats and incorporates all the previous allegations in her complaint.

80. Worthem was a qualified individual able to perform the essential functions of the job she performed for Defendants.

81. Worthem requested that Defendants provide her with reasonable accommodations for her pregnancy by allowing her to perform work remotely, taking a leave of absence, or working with restrictions.

82. Worthem could have performed the essential functions of the job if she had been granted one of the accommodations she requested.

83. The accommodations Worthem requested were reasonable and would not have posed a hardship to Defendants in any way.

84. Defendants refused to provide Worthem with one of the reasonable accommodations that she requested and did not provide her with any other alternative accommodations.

85. Worthem suffered damages because of Defendants' failure to accommodate her pregnancy that include, but are not limited to, lost wages and benefits, emotional distress,

attorney's fees, and litigation costs.

## COUNT 9
### RETALIATION IN VIOLATION OF THE
### PREGNANT WORKERS FAIRNESS ACT

86. Worthem repeats and incorporates all the previous allegations in her complaint.

87. Worthem was a qualified individual able to perform the essential functions of the job she performed for Defendants.

88. Worthem requested reasonable accommodations for her pregnancy.

89. Defendants terminated Worthem's employment.

90. Defendants terminated Worthem's employment because of her protected activity in requesting a reasonable accommodation for her pregnancy.

91. Defendants retaliated against Worthem because of her protected activities and there was a causal connection between Worthem's protected activities and the adverse employment actions Defendants took against her.

92. Worthem suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 10
### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

93. Worthem repeats and incorporates all the previous allegations in her complaint.

94. Worthem requested reasonable accommodations for her pregnancy.

95. Defendants discriminated against Worthem and treated her differently (much worse) than non-pregnant employees because of Worthem's sex and pregnancy.

96. Defendants terminated Worthem's employment.

97. Defendants took these adverse employment actions against Worthem because of

her sex and pregnancy. Worthem suffered damages because of Defendants' discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 11
### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

98. Worthem repeats and incorporates all the previous allegations in her complaint.

99. Worthem opposed Defendant's discriminatory treatment of her because of her sex and pregnancy.

100. Defendants terminated Worthem's employment.

101. Defendants terminated Worthem's employment because of her protected activity in opposing Defendant's discriminatory treatment of her because of her sex and pregnancy.

102. Defendants retaliated against Worthem because of her protected activities and there was a causal connection between Worthem's protected activities and the adverse employment actions Defendants took against her.

103. Worthem suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

104. Worthem demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

105. Plaintiff Heather Worthem requests that the Court enter a judgment in her favor and against Defendants Three Rivers MI Opco LLC and Ascent Healthcare Management LLC in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

106. Worthem also requests that the court grant her any additional relief, both legal and

equitable, as the Court determines to be appropriate and just under the circumstances.

HEATHER WORTHEM

Dated: January 27, 2026                By:    /s/  Mark S. Wilkinson

                                                                  Mark S. Wilkinson (P68765)
                                                                  PALADIN EMPLOYMENT LAW PLLC
                                                                  *Attorney for Plaintiff*
                                                                  5955 W. Main St., Ste. 618
                                                                Kalamazoo, MI 49009
                                                                (tel.) 269.978.2474
                                                                mark@paladinemploymentlaw.com